Claim of McGANN MFG. CO., Inc.

McGANN MFG. CO., Inc., v. UNITED STATES et al.

Civ. A. 3233.

United States District Court
M. D. Pennsylvania.

Jan. 24, 1950.

See also 83 F.Supp. 957.

Ralph F. Fisher, of Fisher, Ports and May, York, Pa., Thomas D. Caldwell, of Caldwell, Fox & Stoner, Harrisburg, Pa., Charles J. Margiotti, Pittsburgh, Pa., for plaintiff.

Howard C. Wood, Department of Justice, Washington, D. C., Arthur A. Maguire, U. S. Atty., Scranton, Pa., Thomas Wood, Jr., Asst. U.S. Atty., Williamsport, Pa., for defendants.

WATSON, Chief Judge.

At the opening of the trial Howard C. Wood, Department of Justice, attorney for the defendants, presented a motion to abate the action for the reason that the defendants James V. Forrestal, Secretary of Defense, and John L. Sullivan, Secretary of the Department of the Navy, ceased to hold office, and their successors took office more than six months prior to the presentation of said motion, but the plaintiff failed to continue the action against the successors by substitutions pursuant to Rule 25 (d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Defendants' motion further contends that the action should not only be abated as to defendants Forrestal and Sullivan, but that the action must be dismissed as to the United States of America for the reasons that the Secretary of Defense and the Secretary of the Department of the Navy are indispensable parties defendant, and any judgment for the plaintiff in the action would require action on the part of the Secretary of Defense and the Secretary of the Department of the Navy.

It appearing that James V. Forrestal and John L. Sullivan have ceased to hold the offices as set forth in the caption of this case, and that no substitutions have been made, this action will be abated as to James V. Forrestal and John L. Sullivan.

Howard C. Wood, Department of Justice, attorney for defendants, further contends that on the abatement of the action as to Forrestal and Sullivan the action should be dismissed as to the United States of America for the reason that the Secretary of Defense and the Secretary of the Department of the Navy are indispensable parties defendant. With this contention the Court cannot agree.

Section 6 of the Act of August 7, 1946, Public Law 657, 79th Congress, Second Session, 60 Stat. 902, 41 U.S.C.A. § 106 note, which provides for a determination by the court of the equities involved in the claim when the claimant is dissatisfied with the action of the department or agency, authorizes the claimant to file a petition in any federal district court of competent jurisdiction, asking determination by the court of the equities involved. The statute does not specify who should be named as defendant or defendants in the action. The provision for determination by the court of the equities involved in the claim is a clear submission on the part of the United States of America to suit under the Act, and the United States of America becomes subject to suit. It is true that the Act provides that the court "shall have jurisdiction to determine the amount, if any, to which such claimant and petitioner may be equitably entitled * * * and to enter an order directing such department or agency to settle the claim in accordance with the finding of the court; * * * *."

This is a proceeding in equity, and undoubtedly a decree or order against the United States of America determining the amount to which the claimant and petitioner is entitled, may direct any particular officer or agency of the government to take certain action with reference thereto. The Secretary of Defense and Secretary of the Department of the Navy are not indispensable parties defendant to this action. It

seems to this court that Section 6 of the Act permits an action against the United States of America, and the action to dismiss the motion as to the United States of America will be denied.

Now, January 24, 1950 the motion of Howard C. Wood, Department of Justice, attorney for the defendants, to abate the action as to James V. Forrestal, Secretary of Defense, and John L. Sullivan, Secretary of the Department of the Navy, is granted and as to said defendants the action is abated. The court retains jurisdiction, in the event the proceedings herein result in a decree or order against the United States of America determining an amount to which the claimant and petitioner here is equitably entitled, to enter an order directing the proper department or agency to settle the claim in accordance with the findings of the court.

The motion to dismiss the action as to the United States of America is denied.